IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DUANE HICKMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | No. 2:24-CV-2460-DAD-DMC-P<br><br><br><br>ORDER |

        Kevin Duane Hickman, a prisoner proceeding pro se, brings this civil action. The initial pleading in this case consists of the Court's form complaint for a civil rights action by a state prisoner under 42 U.S.C. § 1983. See ECF No. 1. Mr. Hickman states that the case proceeds under the Court's "Equity Jurisdiction." Id. at 1. Named as defendants are the State of California and Gena Jones, the Warden of the California Health Care Facility. See id. at 2. On the remainder of the form complaint, Mr. Hickman writes "(See Attached)." Id. at 3-5. For relief, Mr. Hickman seeks an order vacating a criminal judgment and releasing him from prison. See id. at 6.

        Attached to Mr. Hickman's pleading is a form petition for writ of habeas corpus. See id. at 7-12. In this portion of Mr. Hickman's filing, he states that he is challenging a criminal conviction entered against him in the Sacramento County Superior Court for kidnapping, sexual assault, oral copulation, and threats. See id. at 8. According to Mr. Hickman, the state court

1 lacked jurisdiction.  See id.  According to Mr. Hickman, he is serving a prison term of 100 years
2 plus 11 months.  See id.  Mr. Hickman includes another 204 pages of materials with his pleading.
3 See id. at 13-217.  These materials begin with the heading "PETITION – WRIT OF HABEAS
4 CORPUS."  Id. at 13.

5    The case was docketed upon filing as a civil rights action by a state prisoner
6 pursuant to 42 U.S.C. § 1983, consistent with the first page of the initial pleading.  On December
7 13, 2024, the Court granted Mr. Hickman's application for leave to proceed in forma pauperis
8 and, consistent with the Prison Litigation Reform Act, which applies to civil rights actions filed
9 by state prisoners, directed partial monthly payments to be deducted from his prison trust account
10 until the full $350.00 filing fee had been paid.  See ECF No. 10.

11    Upon further review of Mr. Hickman's pleading, and given that Mr. Hickman
12 seeks release from custody, the Court will direct that this action be redesignated as a habeas
13 corpus petition by a state prisoner pursuant to 28 U.S.C. § 2254.  Given that the filing fee for such
14 an action is $5.00, which does not need to be reimbursed through periodic monthly payments, the
15 Court will also vacate the December 13, 2024, order and direct that any partial payments received
16 by the Court be refunded to Mr. Hickman's prison trust account.  Following redesignation of this
17 action by the Clerk of the Court, the undersigned will address Mr. Hickman's application for
18 leave to proceed in forma pauperis as well as the sufficiency of Mr. Hickman's initial pleading
19 consistent with principles applicable in habeas corpus actions.
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Clerk of the Court is directed to redesignate this action as a habeas corpus action pursuant to 28 U.S.C. § 2254.

2. The December 13, 2024, order granting in forma pauperis status and directing payment of filing fee, ECF No. 10, is vacated.

3. Mr. Hickman's inmate trust account shall be refunded any amounts paid to the Court pursuant to the December 13, 2024, order.

4. The Clerk of the Court is directed to serve a copy of this order on the Court's Financial Department.

Dated: August 5, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3