IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DUANE HICKMAN,<br><br>Petitioner,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Respondents. | No. 2:24-CV-2460-DAD-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Kevin Duane Hickman, a prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Pending before the Court is Petitioner's petition for a writ of habeas corpus, ECF No. 1.

---

[1] The initial pleading in this case consists of the Court's form complaint for a civil rights action by a state prisoner under 42 U.S.C. § 1983. See ECF No. 1. Mr. Hickman states that the case proceeds under the Court's "Equity Jurisdiction." Id. at 1. Named as defendants are the State of California and Gena Jones, the Warden of the California Health Care Facility. See id. at 2. On the remainder of the form complaint, Mr. Hickman writes "(See Attached)." Id. at 3-5. For relief, Mr. Hickman seeks an order vacating a criminal judgment and releasing him from prison. See id. at 6.
  Attached to Mr. Hickman's pleading is a form petition for writ of habeas corpus. See id. at 7-12. In this portion of Mr. Hickman's filing, he states that he is challenging a criminal conviction entered against him in the Sacramento County Superior Court for kidnapping, sexual assault, oral copulation, and threats. See id. at 8. According to Mr. Hickman, the state court lacked jurisdiction. See id. Mr. Hickman states he is serving a prison term of 100 years plus 11 months. See id. Mr. Hickman includes another 204 pages of materials with his pleading. See id. at 13-217. These materials begin with the heading "PETITION – WRIT OF HABEAS CORPUS." Id. at 13.
  On August 5, 2025, the Court ordered that the action be redesignated as a habeas corpus action by a state prisoner. See ECF No. 16.

1      Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary
2 dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits
3 annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it
4 is plain that Petitioner is not entitled to federal habeas relief.
5      In his initial pleading, Petitioner states that the California Superior Courts lack
6 jurisdiction. See ECF No. 1, pg. 9. Supporting this contention, Petitioner claims that all judges
7 of the United States District Court for the Eastern District of California "are appointed as
8 TRUSTEE of KEVIN DUANE HICKMAN and is order to use the bonds enclose to settlement
9 the public debt." Id. Next, Petitioner states that "all crimes are commercial" and that every
10 offense is an offense "'AGAINST THE REVENUE LAW,' a commercial crime." Id. at 10. In
11 an affidavit attached to the petition, Petitioner states that he is a "Sovereign who takes up
12 housekeeping in the geographical region known as the California Republic." Id. at 21. Petitioner
13 also takes issue with the reproduction of his name in all capital letters. See id. at 22. The
14 remainder of the petition consists of nearly 200 additional pages of similar prolix. See id. at 23-
15 217.
16      Attached as Exhibit 1 to the petition is a document entitled "Declaration &
17 Certificate of Sovereign Status." Id. at 115-22. Attached as Exhibit 2 is a certification from the
18 State of Colorado Department of State with an attached UCC Financing Statement. See id. at
19 123-26. Attached as Exhibit 3 is a document entitled "Security Agreement Non-Negotiable." Id.
20 at 127-39. Attached as Exhibit 4 is a document entitled "Common Law Copyright Notice." Id. at
21 140-44. Attached as Exhibit 5 is a second certificate from the State of Colorado Department of
22 State with an attached UCC Financing Statement Amendment. See id. at 145-46. Attached as
23 Exhibit 6 is a document entitled "Legal Notice and Demand – Fiat Justitia, Ruat Coelum." Id. at
24 147-54. Petitioner also attaches additional documents with similar apparent irrelevance to a
25 challenge to Petitioner's conviction and sentence for kidnapping, sexual assault, oral copulation,
26 and threats. See id. at 155-217.
27 ///
28 ///

Upon review of the petition and attached documents, the Court can discern no cognizable legal or factual theory to support a challenge to Petitioner's criminal conviction under § 2254. As such, the Court finds the petition to be frivolous and recommends that it be dismissed as such. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989). Even viewing Mr. Hickman's initial pleading as a civil rights complaint under 42 U.S.C. § 1983, the Court would still find the matter to be frivolous for lack of an arguable basis in either law or fact to support any claim for relief.

Based on the foregoing, the undersigned recommends as follows:

1. Petitioner's petition for a writ of habeas corpus, ECF No. 1, be summarily dismissed.

2. All pending motions, ECF Nos. 12 and 13, be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 6, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE