UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DUANE HICKMAN,<br><br>        Petitioner,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>        Respondents. | No. 2:24-cv-02460-DAD-DMC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING PETITION AS FRIVOLOUS AND FAILING TO STATE A COGNIZABLE CLAIM FOR FEDERAL HABEAS RELIEF<br><br>(Doc. Nos. 12, 13, 18) |

Petitioner Kevin Duane Hickman is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 7, 2025, the assigned magistrate judge issued findings and recommendations recommending that the pending petition be summarily dismissed and that petitioner's other pending requests be denied as moot. (Doc. No. 18.) Specifically, the magistrate judge concluded that petitioner's allegations regarding his "Sovereign Status" and related assertions failed to present any cognizable challenge to his underlying state court criminal conviction and were frivolous. (*Id.* at 2–3.) In addition, the magistrate judge observed that even if petitioner was

/////

1

attempting to state a civil rights claim under 42 U.S.C. § 1983, his allegations would fail to state any cognizable claim. (*Id.* at 3.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 3.) On August 19, 2025, petitioner filed objections to the pending findings and recommendations. (Doc. No. 19.) In his three-page objection, with 119 pages of attachments, petitioner suggests that in his underlying state court criminal prosecution the district attorney failed to answer petitioner's "conditional acceptance for value 'proof of claims'" and that petitioner was therefore entitled to entry of default. (*Id.* at 1–3.) Just as with the allegations of the pending habeas petition, the arguments advanced by petitioner in his objections are frivolous. Those objections certainly provide no basis upon which to call into question or reject the pending findings and recommendations.

Having concluded that the pending petition must be dismissed, the court also declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed to be debatable or wrong. Thus, the court declines to issue a certificate of appealability.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's

/////

2

objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations issued on August 7, 2025 (Doc. No. 18) are adopted in full;

2. Petitioner's petition for a writ of habeas corpus is summarily dismissed;

3. Petitioner's requests for a bill exchange instrument and to discharge bond (Doc. Nos. 12, 13) are denied as having been rendered moot by this order of dismissal; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **September 15, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE